UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RONALD S.,

                                          Plaintiff,

                                          DECISION AND ORDER

                                          20-CV-1656L

                    v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                          Defendant.
_____

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security (the "Commissioner").[1] This action is brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

       In March and April 2013, Plaintiff, then 46 years old, filed applications for disability insurance benefits and supplemental security income benefits, alleging a disability beginning on March 3, 2012 (Dkt. #11 at 180-90).

       Plaintiff's applications were initially denied (*see id.* at 22, 111-12). Plaintiff requested a hearing, which was held via videoconference on February 9, 2015, before Administrative Law Judge ("ALJ") William M. Weir (*id.* at 22). ALJ Weir issued an unfavorable decision on September 24, 2015 (*id.* at 36). That decision became the final decision of the Commissioner when the Appeals Council (the "AC") denied review on January 25, 2017 (*id.* at 8).

---

[1] On or about July 9, 2021, Kilolo Kijakazi became the acting Commissioner of the Social Security Administration and is substituted for Andrew Saul as defendant in this action. *See* Fed. R. Civ. P. 25(d)(1).

Plaintiff then filed an appeal of the Commissioner's decision. On October 30, 2017, Hon. William M. Skretny, United States District Judge, remanded the case for further proceedings (*see id.* at 758), and on February 12, 2018, the AC issued an order remanding Plaintiff's case to the ALJ (*id.* at 760-64).

Pursuant to that remand order, on April 27, 2020, ALJ Weir presided over a hearing at which Plaintiff, his attorney, vocational expert ("VE") Rabia Rosen, and medical expert Dr. Sharon Kahn appeared (*see id.* at 680-81). On July 23, 2020, ALJ Weir found that Plaintiff was not disabled (*id.* at 670). Plaintiff then commenced this action on November 10, 2020, seeking review of the July 23, 2020 decision (Dkt. #1). *See* 20 C.F.R. § 416.1484.

Plaintiff has moved pursuant to Fed. R. Civ. Pro. 12(c) for an order remanding the matter for calculation and payment of benefits, or alternatively, for further proceedings (Dkt. #13). The Commissioner has cross-moved for judgment dismissing the complaint (Dkt. #14). For the reasons set forth below, Plaintiff's motion for a remand for further proceedings is granted, and Commissioner's motion is denied.

## DISCUSSION

Familiarity with the five-step evaluation process for determining Social Security disability claims is presumed. *See* 20 C.F.R. § 404.1520. The Commissioner's decision that Plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if ALJ Weir applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

**I.     ALJ Weir's Findings**

ALJ Weir determined that Plaintiff had the following severe impairments, not meeting or equaling a listed impairment: (1) cervical and lumbar degenerative disc disease; (2) major

depressive disorder; (3) an anxiety disorder; (4) chronic obstructive pulmonary disease; and (5) status post left shoulder impingement (Dkt. #11 at 653-58). ALJ Weir also noted that Plaintiff had the non-severe impairments of hypertension, cardiac issues, peptic ulcer, kidney stones, urological conditions, diverticulitis, sleep apnea, and headaches—the effects of which ALJ Weir considered in determining Plaintiff's limitations (*id.* at 654-55).

Applying the special technique for mental impairments, ALJ Weir found that Plaintiff had no more than moderate limitations in each of the four relevant functional areas: (1) understanding, remembering, and applying information; (2) interacting with others; (3) concentration, persistence, and pace; and (4) adapting and managing himself (*id.* at 656-57).

Upon review of the record, ALJ Weir found that Plaintiff has the residual functional capacity ("RFC") to perform light work with no more than occasional above-shoulder reaching with his dominant hand and arm, though he can continuously engage in such reaching with his non-dominant hand and harm (*id.* at 658). He cannot experience any concentrated exposure to pulmonary irritants, dusts, fumes, gases, extreme temperatures, or humidity. Plaintiff can have frequent social contact and perform simple repetitive one- and two-step tasks. He may not perform complex work[2] (*id.*).

When presenting this RFC to VE Rosen at the hearing, ALJ Weir posited that Plaintiff could not perform his past relevant work as an orderly and landscaper, which VE Rosen did not refute (*id.* at 710-11). VE Rosen testified that a person with Plaintiff's vocational profile and this RFC could perform the requirements of representative occupations such as small products assembler and linen grader (*id.*). ALJ Weir therefore found Plaintiff "not disabled" (*id.* at 670).

---

[2] Complex work is defined as requiring multiple simultaneous goals or objectives, or the need to independently set quantity, quality, or method standards (Dkt. #11 at 658).

**II.     Reaching Limitations**

Plaintiff argues, *inter alia*, that ALJ Weir's conclusions relating to Plaintiff's reaching limitations were not properly explained or based on substantial evidence (Dkt. #13-1 at 21, 24, 25). The Court agrees that ALJ Weir's opinion was not supported by substantial evidence but for a reason that differs from those Plaintiff presented. That is, even if ALJ Weir's findings were correct, he failed to investigate a conflict between VE Rosen's testimony and the Dictionary of Occupational Titles' ("DOT") entries for linen grader and small product assembler. And a "'failure to reconcile' vocational expert testimony with apparent conflicts cannot 'represent substantial evidence.'" *Neumeister v. Commissioner*, No. 19-cv-742, 2020 WL 3412469, at *3 (W.D.N.Y. June 22, 2020) (quoting *Lockwood v. Commissioner*, 914 F.3d 87, 94 (2d Cir. 2019)).

Specifically, at the hearing, ALJ Weir asked about employment options for an individual capable of light exertion, "occasional[] reach[ing] above shoulder level with the dominant hand and arm," and continuous above-shoulder reaching with the nondominant hand and arm (Dkt. #11 at 710). VE Rosen stated that such an individual may work as a linen grader and small products assembler, which she testified was consistent with the DOT (*id.* at 711). However, the DOT entries for linen grader and small product assembler indicate frequent reaching. Dictionary of Occupational Titles 361.687.022, 1991 WL 672993; *id.* 706.684.02, 1991 WL 679050.

"Testimony that a claimant with overhead reaching limitations is capable of performing a job that the *Dictionary* describes as requiring 'reaching,' then, creates at least an *apparent* conflict that triggers the Commissioner's duty to elicit an explanation that would justify crediting the testimony." *Lockwood*, 914 F.3d at 92 ("[W]henever the Commissioner intends to rely[] on [a] vocational expert's testimony, she must identify and inquire into all those areas where the expert's testimony *seems to* . . . conflict with the *Dictionary*." (internal quotation marks and citation

omitted)); *see also Neumeister*, 2020 WL 3412469, at *3 (noting that "Social Security defines reaching as 'extending the hands and arms in *any* direction,'" and includes overhead reaching (quoting *Lockwood*, 914 F.3d at 92)).

"It may well be that the apparent conflict between [VE Rosen's] testimony and the *Dictionary* is susceptible to easy resolution—if, for example, the reaching involved in the [two] jobs at issue consists exclusively of lateral or downward reaching. But it is not [the reviewing court's] role to speculate as to how or whether that conflict might have been resolved had the Commissioner carried out [his] responsibility to probe such matters." *Lockwood*, 914 F.3d at 94. "When the ALJ denies benefits based on evidence that conflicts with the DOT without taking any steps to resolve the conflict, remand is warranted." *David F. v. Kijakazi*, No. 5:20-cv-1558, 2022 WL 580447, at *5 (N.D.N.Y. Feb. 25, 2022).[3]

## CONCLUSION

For the reasons set forth above, I find that the decision-appealed-from was not supported by substantial evidence.

Plaintiff's motion for judgment on the pleadings (Dkt. #13) is granted, the Commissioner's cross motion (Dkt. #14) is denied, and the matter is remanded for further proceedings. On remand, the ALJ is instructed to reassess Plaintiff's claim and to issue a new decision which, *inter alia*,

---

[3] Because the Court finds that remand is appropriate, it declines to address the remaining arguments presented by the parties.

sufficiently explores any conflict between the ALJ's RFC findings, the vocational expert's testimony, and any DOT entries believed to represent jobs that Plaintiff can perform.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 3, 2023.